# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LENDR FINANCE, LLC,
an Illinois limited liability company,

       Plaintiffs,

v.

MEDEFIS, INC.,
a Delaware corporation,

       Defendant.
_____/

CASE NO. 1-24-cv-02061

## PLAINTIFF LENDR FINANCE, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MEDEFIS, INC.

Plaintiff Lendr Finance, LLC ("Lendr"), by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(b), hereby propounds its First Set of Requests for Production upon Defendant Medefis, Inc. ("Medefis"), and requests Medefis to file and serve a written response, and produce the documents responsive thereto, within thirty (30) days of service and returned to the law offices of Barakat + Bossa, PLLC, to the attention of Jocelyne A. Macelloni, Esq., jmacelloni@b2b.legal, sfarias@b2b.legal, at 201 Alhambra Circle, Suite 1060, Coral Gables, Florida 33134.

*[THIS SPACE INTENTIONALLY LEFT BLANK]*



Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 3 of 9 PageID #:549

*Lendr Finance, LLC v. Medefis, Inc.*
*Case No. 1-24-cv-02061*
First Set of Requests for Production to Medefis, Inc.
Page **2** of **8**

## DEFINITIONS AND INSTRUCTIONS FOR REQUESTED INFORMATION
## INSTRUCTIONS

1. This written discovery shall be responded to as provided by any applicable Local Rules of this court and the Federal Rules of Civil Procedure.

2. Any ESI produced in response to an Interrogatory should be produced in Native or as close to Native as possible (e.g., actual data files such as Word Documents in their .doc or .docx formats, Microsoft Excel Spreadsheets as .xls or .xlsx files, Microsoft Power Point presentations in native .ppt or .pptx formats, WordPerfect documents in native .wpd format, images in .jpg, .jpeg and .png formats and Outlook messages in .pst format); Near-Native files (e.g., email messenger exported from a corporate Microsoft Exchange mail database to a container). Email messages should be produced in a form or forms that readily support import into standard email client programs for Outlook messages.

3. With respect to each document requested herein that has been lost, destroyed or otherwise disposed of since its preparation or receipt, provide the following information separately as to each document: general description of the subject matter, author, recipient(s), date, last custodian of the documents or copies thereof and the full particulars or circumstances whereby the document was lost, destroyed or otherwise disposed of.

4. With respect to any document that is withheld on the ground of privilege, state the nature of the privilege and the basis upon which you rely, and provide a description of the document by author, date, addressee, custodian and subject matter, and identify all persons who have seen the document or any copy thereof or to whom the subject matter was otherwise disclosed.

Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 4 of 9 PageID #:550

*Lendr Finance, LLC v. Medefis, Inc.*
Case No. 1-24-cv-02061
First Set of Requests for Production to Medefis, Inc.
Page **3** of **8**

## DEFINITIONS

a. "Accounts" shall have the same meaning as given to the term as in the Uniform Commercial Code § 9.102(2): "a right to payment of a monetary obligation, whether or not earned by performance … for property that has been or is to be sold . . ., for services rendered. . . ."

b. "Agape" means Agapenurse Healthcare, LLC and shall include, without limitation, its officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of Agape including, but without limitation, Courtney Jackson.

c. "Date" means the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

d. "Describe" and "Describing" means (i) state the place and date of, and (ii) "Identify" the Persons, if any involved, and (iii) "Identify" the "Documents", if any, involved or relevant to the facts, transactions, communications, events, circumstances or occurrences in question; and (iv) state the nature and subject matter of the facts, transactions, communications, events, circumstances Documents or occurrences in question.

e. "Document(s)" means any writing, recording or photograph in Your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, to the subject of the interrogatory in which this term is used and more specifically may include correspondence, letters, facsimile transmissions, e-mail communications, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings, data stored, maintained or organized electronically or magnetically through computer equipment, and includes Electronically Stored Information or ESI.

f. "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems, and any and all files and file fragments, regardless of the media on which they reside and regardless of whether said electronically stored data consists in an active file, deleted file or file fragment.

g. "Identify," when used in reference to a Document, means and includes the name and address of the custodian of the Document, the location of the Document, and a general description of the Document, including (1) the type of Document (i.e., correspondence, memorandum, facsimile etc.); (2) the general subject matter of the Document; (3) the date of the Document, if known; (4) the author of the Document, if known; (5) the addressee of the Document, if known; and (6) the relationship of the author and addressee to each other, if known.

h. "Identify," when used in reference to a Person, means and includes: (1) the name of the Person; (2) the present address of the Person if known; (3) the Person's telephone number



Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 5 of 9 PageID #:551

*Lendr Finance, LLC v. Medefis, Inc.*
*Case No. 1-24-cv-02061*
First Set of Requests for Production to Medefis, Inc.
Page **4** of **8**

if known; (4) the employer of the Person, if known; and (5) the relationship of the Person to Defendant, if known.

 i. "Identify," when used in reference to a statement, means and includes: (1) the name of the Person making the statement; (2) the general subject matter of the statement; (3) the date the statement was made; and (4) to whom the statement was made.

 j. "Lendr" means Plaintiff Lendr Finance, LLC, and shall include, without limitation, its officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of Lendr.

 k. "Medefis," "You," "Yours," and/or "Yourselves" means Defendant Medefis, Inc., and shall include, without limitation, its: officers, directors, employees, representatives, agents, or any other Persons acting or purporting to act, on behalf of Medefis.

 l. "Notice of Assignment" means the Notice of Assignment dated August 15, 2022, advising Medefis that Agape had assigned Medefis's accounts to Lendr.

 m. "Outstanding and Unpaid Accounts" means the Accounts purchased by Lendr, copies of which are attached to the Complaint as composite Exhibit "B."

 n. "Person" or "Persons" include the singular and plural of natural Persons, partnerships, associations, corporations, organizations, governments (including all instrumentalities, officers, agents, and subdivisions thereof) and all other business, legal or artificial entities.

 o. "Petition" means the Petition at Law filed in this action on March 12, 2024.

 p. "Relating to" shall mean in any way, directly or indirectly, concerning, referring, considering, analyzing, supporting or qualifying.

 **q.** **Unless otherwise stated, the documents requested herein are those documents in your possession, custody and control that came into existence on or after January 1, 2022.**

## REQUESTS FOR PRODUCTION

 1. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Agape, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

 2. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money,



Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 6 of 9 PageID #:552

*Lendr Finance, LLC v. Medefis, Inc.*
*Case No. 1-24-cv-02061*
First Set of Requests for Production to Medefis, Inc.
Page **5** of **8**

goods or property) between or among You and Lendr, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

3. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Person relating to the Oustanding and Unpaid Accounts, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

4. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Person relating to any services provided by Agape to any healthcare facility or Person, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

5. All invoices and/or other Accounts issued or submitted by Agape to You for services provided by Agape between January 1, 2022 and the date of Your Response to this Request for Production.

6. Documents and/or ESI Relating to the invoices and/or other Accounts produced in response to Requests No. 1 through 5, above, including without limitation, cancelled checks, bank statements, wire confirmations, wire receipts, contracts, memoranda, demands, notices, payments receipts, and/or internal accounting records, email communications, notices, or demands.

Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 7 of 9 PageID #:553

*Lendr Finance, LLC v. Medefis, Inc.*
*Case No. 1-24-cv-02061*
First Set of Requests for Production to Medefis, Inc.
Page **6** of **8**

7. Documents and/or ESI, including all Communications, regarding or relating to the Notice of Assignment.

8. Documents and/or ESI, including all Communications, regarding or relating to the Outstanding and Unpaid Accounts.

9. Documents and/or ESI, including all Communications, regarding or relating to Agape and the services provided by Agape as reflected on any Accounts submitted by Agape to You for payment.

10. Documents and/or ESI, including Communications, by and between You and any Person regarding or otherwise relating to Agape.

11. Documents and/or ESI, including Communications, by and between You and any Person regarding or otherwise relating to Lendr.

12. Documents and/or ESI, including all Communications, regarding or relating to any and all demands for payment made by Agape to You at any time.

13. Documents and/or ESI in which Medefis communicated an objection to any services provided by Agape to Medefis at any time.

14. Documents and/or ESI in which Medefis communicated an objection to any of the Accounts issued by Agape to Medefis.

15. Documents and/or ESI in which Medefis received a rejection or an objection to any of the Accounts issued by Agape to Medefis from the vendor or healthcare facility at which the services were rendered by Agape.

16. Documents and/or ESI Identifying and/or relating to any amounts that Medefis has determined are due and owing for services rendered by Agape to Medefis.

17. Documents and/or ESI Identifying and/or relating to the terms of any agreement by

and between You and Agape regarding the services provided by Agape to You, including, but without limitation, any and all contracts, agreements, modifications or amendments thereto, and Communications.

18. Documents and/or ESI Identifying all services provided by Agape to You which were accepted by You, including, but without limitation, all contracts, agreements, memoranda, notes, and Communications (both internal and external).

19. Medefis's internal policies and procedures for processing and paying invoices and/or Accounts such as those submitted by Agape to You.

20. The Documents and/or ESI relied upon by You in denying any of the allegations in the Petition, including, but without limitation, the Documents relied upon by You to deny the allegations that the amounts stated on the Outstanding and Unpaid Accounts are due and owing to Lendr as of the filing of the Petition.

21. The Documents and/or ESI upon which you relied and/or which supports Your First Affirmative Defense that "Lendr's Complaint fails to state a claim upon which relief can be granted[,]" including, but without limitation, those Documents and/or ESI Identifying, relating to, or reflecting any request by Medefis to Lendr or Agape to furnish any proof of the assignment by Agape to Lendr.

22. The Documents and/or ESI upon which You relied and/or which support Your Second Affirmative Defense including, but without limitation, any and all Communications or Documents issued by Medefis to Agape that it failed to comply with the Medefis/Agape contract in any way.

23. The Documents and/or ESI upon which You relied and/or which support Your Third Affirmative Defense.

Case: 1:24-cv-02061 Document #: 46-1 Filed: 02/26/25 Page 9 of 9 PageID #:555

*Lendr Finance, LLC v. Medefis, Inc.*
Case No. 1-24-cv-02061
First Set of Requests for Production to Medefis, Inc.
Page **8** of **8**

Respectfully submitted,

**BARAKAT + BOSSA, PLLC**
*Counsel for Lendr Finance, LLC*
201 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115


By: */s/ Jocelyne A. Macelloni*
**JOCELYNE A. MACELLONI**
*(Admitted Pro Hac Vice)*
Florida Bar Number 92092
jmacelloni@b2b.legal
service@b2b.legal

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by email upon counsel for Defendant, Brian L. Lerner, Esq., at blerner@kvllaw.com, Candace Phillips, Esq., cphillips@kvllaw.com, Stephanie Scharf, Esq., at sscharf@scharfbanks.com, George D. Sax, Esq., at gsax@scharfbanks.com, in accordance with the applicable Rules of Civil Procedure, on this 4th day of October 2024.


By: */s/ Jocelyne A. Macelloni*
**JOCELYNE A. MACELLONI**

