# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENDR FINANCE, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MEDEFIS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 1:24-cv-02061 |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Medefis, Inc. ("Medefis"), objects and responds to the First Request for Production of Documents of Plaintiff Lendr Finance, LLC ("Lendr"), as follows:

**GENERAL OBJECTIONS**

Medefis objects to the definitions and instructions contained in the First Request for Production of Documents to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

1. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Agape, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

    **RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing as to how "contracts" and "memoranda" could reflect transfers of value to Agape. Subject to and without waiving these objections and understanding this request

to seek what Medefis would believe to be the only thing that could be transferred of value between Medefis and Agape, which is money, none.

2. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Lendr, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

**RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing as to how "contracts" and "memoranda" could reflect transfers of value to Lendr. Subject to and without waiving these objections and understanding this request to seek what Medefis would believe to be the only thing that could be transferred of value between Medefis and Lendr, which is money, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034, MEDEFIS000086-MEDEFIS000165, MEDEFIS000278-MEDEFIS000368.

3. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Person relating to the Outstanding and Unpaid Accounts, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

**RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing as to how "contracts" and "memoranda" could reflect transfers of value. Medefis further objects to this request as vague, ambiguous, and confusing with respect to the terms "Outstanding and Unpaid Accounts." Lendr defines "Outstanding and Unpaid Accounts" as being attached to the Complaint as Exhibit B. There are no such documents attached to the Complaint as Exhibit B.

Subject to and without waiving these objections, to the extent "Outstanding and Unpaid Accounts" refers to the documents attached to the Complaint as Exhibit C, and

understanding this request to seek what Medefis would believe to be the only thing that could be transferred of value, which is money, none. Because Medefis has no knowledge who, when, and how those documents were created, it is possible that some part, or all, of the services purported to be described in the documents have been paid to the extent some, or all, of the services listed in the documents are the same services contained within the invoices actually created and submitted in accordance with the Medefis/Agape contract. Accordingly, in an abundance of caution, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034, MEDEFIS000086-MEDEFIS000165, MEDEFIS000278-MEDEFIS000368.

4. Documents and/or ESI Relating to or reflecting any transfers of value (i.e., money, goods or property) between or among You and Person relating to any services provided by Agape to any healthcare facility or Person, including without limitation, notes, correspondence, invoices, ledgers, receipts, checks (front and back), cancelled checks, bank statements, ATM receipts, withdrawal receipts, transfer confirmations, wire confirmations, wire receipts, drafts, contracts, memoranda, payment receipts, and/or internal accounting records.

**RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing as to how "contracts" and "memoranda" could reflect transfers of value. Subject to and without waiving these objections and Subject to and without waiving these objections and understanding this request to seek what Medefis would believe to be the only thing that could be transferred of value, which is money, which is money, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034, MEDEFIS000086-MEDEFIS000165, MEDEFIS000278-MEDEFIS000368.

5. All invoices and/or other Accounts issued or submitted by Agape to You for services provided by Agape between January 1, 2022 and the date of Your Response to this Request for Production.

**RESPONSE:** None.

6. Documents and/or ESI Relating to the invoices and/or other Accounts produced in response to Requests No. 1 through 5, above, including without limitation, cancelled checks, bank statements, wire confirmations, wire receipts, contracts, memoranda, demands, notices, payments receipts, and/or internal accounting records, email communications, notices, or demands.

**RESPONSE:** Please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034 and MEDEFIS000075-MEDEFIS000378.

7. Documents and/or ESI, including all Communications, regarding or relating to the Notice of Assignment.

**RESPONSE:** Please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034 and MEDEFIS000075-MEDEFIS000378.

8. Documents and/or ESI, including all Communications, regarding or relating to the Outstanding and Unpaid Accounts.

**RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing with respect to the terms "Outstanding and Unpaid Accounts." Lendr defines "Outstanding and Unpaid Accounts" as being attached to the Complaint as Exhibit B. There are no such documents attached to the Complaint as Exhibit B.

Subject to and without waiving these objections and to the extent "Outstanding and Unpaid Accounts" refers to the documents attached to the Complaint as Exhibit C, please see the documents bates-stamped MEDEFIS000188-MEDEFIS000277.

9. Documents and/or ESI, including all Communications, regarding or relating to Agape and the services provided by Agape as reflected on any Accounts submitted by Agape to You for payment.

**RESPONSE:** None.

10. Documents and/or ESI, including Communications, by and between You and any Person regarding or otherwise relating to Agape.

**RESPONSE:** Medefis objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

4

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighing its likely benefit. The request asks Medefis to search for and produce any documents whatsoever relating to Agape. As a national company, Medefis could not possibly know that it has found, located, and produced every document relating in any way to Agape so as to comply with the request. Further, this lawsuit asserts a breach of just one contract—the Medefis/Agape contract. *See* Complaint at ¶¶ 10, 29-37 (ECF 1-1 at pp. 16, 18-19). This lawsuit alleges work was done for just two clients. *See id.* at ¶ 9 (ECF 1-1 at p. 16). And this lawsuit asserts a demand for payment on fifteen documents, which are attached as Exhibit C to the Complaint. *See id.* at ¶¶ 22, 32-36 (ECF 1-1 at pp. 17, 19). As such, if Agape did work under a different contract, for a different client, or in connection with other "invoices," such documents would not have even a possibility that it will lead to information relevant to the subject matter of this lawsuit. Moreover, by asking for any documents between "You" and any "Person," the broad definition of "You" and "Person" would require producing documents involving Medefis' in-house and outside attorneys and thus implicate documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, limiting this request to documents regarding the Medefis/Agape contract and the fifteen documents at issue, and operating on the basis that this request is not asking for documents involving Medefis' in-house or outside attorneys, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

11. Documents and/or ESI, including Communications, by and between You and any Person regarding or otherwise relating to Lendr.

**RESPONSE:** Medefis objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighing its likely benefit. The request asks Medefis to search for and produce any documents whatsoever relating to Lendr. As a national company, Medefis could not possibly know that it has found, located, and produced every document relating in any way to Agape so as to comply with the request. Further, this lawsuit asserts a breach of just one contract—the Medefis/Agape contract. *See* Complaint at ¶¶ 10, 29-37 (ECF 1-1 at pp. 16, 18-19). This lawsuit alleges work was done for just two clients. *See id.* at ¶ 9 (ECF 1-1 at p. 16). And this lawsuit asserts a demand for payment on fifteen documents, which are attached as Exhibit C to the Complaint. *See id.* at ¶¶ 22, 32-36 (ECF 1-1 at pp. 17, 19). As such, if Lendr is known by Medefis to be a factoring company for any other vendor used by Medefis, such documents would not have even a possibility that it will lead to information relevant to the subject matter of this lawsuit. Moreover, by asking for any documents between "You" and any "Person," the broad definition of "You" and "Person" would require producing documents involving Medefis' in-house and outside attorneys and thus implicate documents protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, limiting this request to documents regarding the Medefis/Agape contract and the fifteen documents at issue, and operating

on the basis that this request is not asking for documents involving Medefis' in-house or outside attorneys, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

12. Documents and/or ESI, including all Communications, regarding or relating to any and all demands for payment made by Agape to You at any time.

**RESPONSE:** None.

13. Documents and/or ESI in which Medefis communicated an objection to any services provided by Agape to Medefis at any time.

**RESPONSE:** None.

14. Documents and/or ESI in which Medefis communicated an objection to any of the Accounts issued by Agape to Medefis.

**RESPONSE:** None.

15. Documents and/or ESI in which Medefis received a rejection or an objection to any of the Accounts issued by Agape to Medefis from the vendor or healthcare facility at which the services were rendered by Agape.

**RESPONSE:** None.

16. Documents and/or ESI Identifying and/or relating to any amounts that Medefis has determined are due and owing for services rendered by Agape to Medefis.

**RESPONSE:** None.

17. Documents and/or ESI Identifying and/or relating to the terms of any agreement by and between You and Agape regarding the services provided by Agape to You, including, but without limitation, any and all contracts, agreements, modifications or amendments thereto, and Communications.

**RESPONSE:** Responsive documents have been produced as MEDEFIS000075-MEDEFIS000085, MEDEFIS000166-MEDEFIS000187, and MEDEFIS000371-MEDEFIS000378.

18. Documents and/or ESI Identifying all services provided by Agape to You which were accepted by You, including, but without limitation, all contracts, agreements, memoranda, notes, and Communications (both internal and external).

**RESPONSE:** Without agreeing that Agape provided services to Medefis and Medefis accepting those services, as opposed to Agape providing services to the Client and the Client approving the time for the services, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000034, MEDEFIS000086-MEDEFIS000165, and MEDEFIS000278-MEDEFIS000367.

19. Medefis's internal policies and procedures for processing and paying invoices and/or Accounts such as those submitted by Agape to You.

**RESPONSE:** Medefis objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighing its likely benefit. The request asks Medefis to search for and produce any internal policies and procedures for processing and paying invoices of any kind. As a national company, Medefis could not possibly know that it has found, located, and produced every document relating in any way to internal policies and procedures for processing and paying invoices of any kind so as to comply with the request. Further, this lawsuit asserts a breach of just one contract—the Medefis/Agape contract. *See* Complaint at ¶¶ 10, 29-37 (ECF 1-1 at pp. 16, 18-19). This lawsuit alleges work was done for just two clients. *See id.* at ¶ 9 (ECF 1-1 at p. 16). And this lawsuit asserts a demand for payment on fifteen documents, which are attached as Exhibit C to the Complaint. *See id.* at ¶¶ 22, 32-36 (ECF 1-1 at pp. 17, 19). As such, if there are policies and procedures

for paying invoices, as an example, associated with ordering office supplies, such documents would not have even a possibility that it will lead to information relevant to the subject matter of this lawsuit.

Subject to and without waiving these objections and limiting this request to documents regarding the Medefis/Agape contract, please see the documents bates-stamped MEDEFIS000075-MEDEFIS000085, MEDEFIS000166-MEDEFIS000187, MEDEFIS000278-MEDEFIS000368, MEDEFIS000353-MEDEFIS000368, and MEDEFIS000371-MEDEFIS000378.

20. The Documents and/or ESI relied upon by You in denying any of the allegations in the Petition, including, but without limitation, the Documents relied upon by You to deny the allegations that the amounts stated on the Outstanding and Unpaid Accounts are due and owing to Lendr as of the filing of the Petition.

**RESPONSE:** Medefis objects to this request as vague, ambiguous, and confusing with respect to the terms "Outstanding and Unpaid Accounts." Lendr defines "Outstanding and Unpaid Accounts" as being attached to the Complaint as Exhibit B. There are no such documents attached to the Complaint as Exhibit B.

Subject to and without waiving these objections and to the extent "Outstanding and Unpaid Accounts" refers to the documents attached to the Complaint as Exhibit C, please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

21. The Documents and/or ESI upon which you relied and/or which supports Your First Affirmative Defense that "Lendr's Complaint fails to state a claim upon which relief can be granted[,]" including, but without limitation, those Documents and/or ESI Identifying, relating to, or reflecting any request by Medefis to Lendr or Agape to furnish any proof of the assignment by Agape to Lendr.

**RESPONSE:** Please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

22. The Documents and/or ESI upon which You relied and/or which support Your Second Affirmative Defense including, but without limitation, any and all Communications or Documents issued by Medefis to Agape that it failed to comply with the Medefis/Agape contract in any way.

**RESPONSE:** Please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

23. The Documents and/or ESI upon which You relied and/or which support Your Third Affirmative Defense.

**RESPONSE:** Please see the documents bates-stamped MEDEFIS000001-MEDEFIS000378.

Dated: November 11, 2024  Respectfully submitted,

By: */s/ Brian L. Lerner*
Brian L. Lerner (Fla. Bar No. 177202)
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
E-mail: blerner@kvllaw.com
Attorneys for Defendant Medefis, Inc.

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished by e-mail on November 11, 2024 to the following:

| | |
|---|---|
| Gary Vist, Esq. | Stephanie Scharf, Esq. |
| gvist@masudafunai.com | sscharf@scharfbanks.com |
| Christen McGlynn, Esq. | George D. Sax, Esq. |
| cmcglynn@masudafunai.com | gsax@scharfbanks.com |
| Masuda, Funai, Eifert & Mitchell, Ltd. | Scharf Banks Marmor LLC |
| 203 N. LaSalle Street, Suite 2500 | 30 West Hubbard Street, Suite 500 |
| Chicago, Illinois 60601 | Chicago, Illinois 60654 |
| Telephone:   (312) 245-7500 | Telephone:   (312) 726-6000 |
| Facsimile:   (312) 245-7467 (Fax) | Attorneys for Defendant |
| Attorneys for Plaintiff | |

Jocelyne A. Macelloni, Esq.
jmacelloni@b2b.legal
service@b2b.legal
Barakat + Bossa, PLLC
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-3114
Facsimile:   (305) 444-3115
Attorneys for Plaintiff

                                             By:   */s/ Brian L. Lerner*
                                                    Brian L. Lerner