# EXHIBIT "E"



**Jocelyne A. Macelloni, Esq.**
jmacelloni@b2b.legal

January 24, 2025

**VIA EMAIL ONLY**

Brian L. Lerner, Esq.
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316

      RE:    *Lendr Finance, LLC v. Medefis, Inc.*

Dear Brian:

    I am issuing this letter in a good faith effort to resolve several issues with Medefis' Responses to the plaintiff's First Request for Production.

    **First**, in response to Request Nos. 1, 10, 11, and 19 Medefis objected on the grounds that the requests were overbroad, vague, ambiguous, and confusing. However, Request No. 1 is narrowly tailored to discovering any transfer of value between Medefis, Agape, Lendr and/or persons relating to services provided by Agape. Lendr has failed to produce documents reflecting any money that has been exchanged between Northeast Georgia and Medefis relating to the services provided by Agape. Such records are directly related to the question of the matter at hand.

    Request Nos. 10 and 11 are also narrowly tailored to discovering communication specifically referencing Agape and/or Lendr. Such communications between and/or about the parties to this action and Agape are at the center of this case and precisely the documents that Medefis sought to compel from Lendr. Medefis also raises a secondary objection to Request Nos. 10 and 11 on the grounds that the information being requested is material protected by attorney-client privilege. This objection has no defined basis for attorney-client privilege. Under Federal Rule of Civil Procedure 34(b)(2)(C), "an objection must state whether any responsive materials are being withheld on the basis of that objection." As such, the objection party, "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced." Fed. R. Civ. P. 26(b)(5); *see also Allendale Mutual Ins. Co. V. Bull Data Sys. Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992). Please advise if such material does exist and describe the nature of such documents so we can assess the applicability of privileges or protections.

    Request No. 19 is narrowly tailored to discovering Medefis' internal policies and procedures for processing invoices submitted by Agape. Again, such records are directly related to the question of the matter at hand in particular Medefis' denial of the allegations in the Complaint.

    **Second,** in addition to specifically requesting Communications in Request Nos. 7-12, Medefis has not produced any internal communications regarding or relating to Lendr or Agape. We are requesting that Medefis produce all internal Communications in response to the Requests.



201 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
(305) 444-3114

Case: 1:24-cv-02061 Document #: 46-5 Filed: 02/26/25 Page 3 of 3 PageID #:575



Mr. Brian Lerner, Esq.
January 23, 2025
Page 2 of 2

  **Third**, in response to Request Nos. 5, 9, 12, 13, 14, 15, and 16, Medefis responded to these requests that they have no records relating to the matter. We are requesting clarification as to why Medefis has responded none to these requests. For instance, as to Request No. 5, we are confused as to why the response to a request for invoices and/or Accounts submitted by Agape to Medefis is "None." There appears to be no dispute in this action that Agape was to submit invoices through a portal maintained by Medefis and Medefis is responsible for payment. As to Request Nos. 9 and 12, there is no dispute that Medefis and Agape entered into a contract with one another and we have produced communications by Agape to Medefis requesting information on outstanding accounts and the status of payments. We find it near impossible that no communications or documents exist in reference to said accounts. Please clarify the basis of the response and advise if such materials are further being withheld, what efforts have been made to locate responsive documents, and/or if the response will be amended to indicate responsive documents will be produced.

  We request that you notify us by no later than <u>January 28, 2025</u>, whether Medefis agrees to supplement its production and produce all requested documents and information, by no later than <u>January 31, 2025</u>. If we do not hear from you or receive supplemental production, we will have no choice but to file a Motion to Compel. If you wish to discuss this matter further, please do not hesitate to call me at the phone number below. We await your reply.

Sincerely,

*Jocelyne A. Macelloni*

JOCELYNE A. MACELLONI

cc:  Candace Brenner – cbrenner@kvllaw.com

BARAKAT + BOSSA

2701 Ponce de Leon Blvd #202
Coral Gables, FL 33134
(305) 444-3114